# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60885
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2016

Lyle W. Cayce
Clerk

NOHEMY BLANCO-REYES,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 289 137

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

El Salvadoran national Nohemy Blanco-Reyes petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's order denying her application for asylum and withholding of removal. She argues that the BIA erred in determining that she had not shown that she suffered past persecution or a well-founded fear of future persecution on account of a protected ground. Blanco-Reyes renews her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60885

assertion that the threats and harassment she suffered at the hands of gangs in El Salvador amounted to past persecution and that she fears for her life if returned to that country due to the widespread presence of gangs and based on her membership in a particular social group which she identifies, for the first time, as young female students who have been repeatedly threatened by gangs.

We review the BIA's determination that an alien is not eligible for asylum for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We lack jurisdiction to consider Blanco-Reyes's newly raised, unexhausted argument identifying her particular social group. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Substantial evidence supports the BIA's conclusion that the threats and harassment Blanco-Reyes suffered were not sufficient to establish past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006). Blanco-Reyes abandons by failing to brief any argument specifically challenging the BIA's determination that she had not demonstrated a likelihood of future persecution on account of a protected ground given that her fear of returning to her country was based on a fear of a general state of lawlessness and violence. *See Soadje v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Even had she briefed the argument, it would fail as Blanco's testimony that she feared returning to El Salvador because of high crime and gangs provides substantial evidence supporting the BIA's conclusion. *See Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006).

Because Blanco cannot meet the requirements for asylum, she cannot meet the more stringent requirements for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 n.2 (5th Cir. 2004). Accordingly, the petition for review is DENIED.